**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GLENN W. BARNES, JR., an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-355-GKF-PJC |
| ) | |
| EMPIRE CASTINGS, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Glenn W. Barnes, Jr. ("Barnes") filed this wrongful discharge case in the District Court of Osage County, Oklahoma. Defendant Empire Castings, Inc. ("Empire") removed the case to federal court. This case comes before the Court on Barnes' Motion to Remand for lack of subject matter jurisdiction. [Docket No. 28].

Empire contends that Barnes waived any objection to removal because Barnes' motion – filed thirty-two (32) days after Empire's Notice of Removal – was untimely. "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). It is "clear that the right to secure a remand of the action to state court when there is no federal subject matter jurisdiction basis for removing the action to a federal court cannot be waived by either party." 14 C Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3739 at 417. This Court concludes that Barnes has not waived his right to seek remand on the basis of lack of subject matter jurisdiction.

Empire asserts that Barnes' Petition specifically invokes the protections and procedures of the Occupational Safety and Health Act ("OSHA"), that OSHA's anti-retaliation provision is Barnes' sole remedy, and that this Court has federal question jurisdiction because Barnes' claim is preempted by OSHA. Barnes argues that OSHA does not preempt his state law wrongful discharge claim.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citation omitted); *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004); *Schmeling v. Nordam*, 97 F.3d 1336, 1339 (10th Cir. 1996). In his Petition, Barnes pleads state law claims for retaliatory discharge and intentional infliction of emotional distress. He does not specifically invoke the protection and procedures of OSHA.

The "complete preemption" doctrine has been referred to as an exception to the well-pleaded complaint rule. *Turgeau v. Administrative Review Board*, 446 F.3d 1052, 1061 (10th Cir. 2005). Complete preemption applies when a federal statute wholly displaces the state-law cause of action. "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.*" Beneficial National Bank v. Anderson*, 539 U.S. 1, 8 (2003)(citation omitted).

In *Schweiss v. Chrysler Motors Corp.*, 922 F.2d 473, 475-6 (8th Cir. 1990), the Eighth Circuit Court of Appeals held that OSHA's remedial scheme did not preempt a state law wrongful

discharge claim. In a certification order to the Kansas Supreme Court, The Tenth Circuit Court of Appeals, citing *Schweiss*, stated "Congress did not intend for OSHA § 11(c) to occupy this field of law, nor does OSHA conflict with state law, thereby preempting it." *Flenker v. Willamette Industries*, 967 P.2d 295, 299 (Kan. 1998). This Court concludes that OSHA does not completely preempt plaintiff's state law wrongful discharge claim.

WHEREFORE, Plaintiff's Motion to Remand [Docket No. 28] is **granted**. This case is hereby remanded to the District Court in and for Osage County, Oklahoma.

IT IS SO ORDERED this 24th day of July 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma